UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CRAIG COLLINS,                          §
                                        §
            *Plaintiff*,                §
                                        §
v.                                      §        Civil Action No. 3:21-CV-0982-X
                                        §
STATE FARM LLOYDS,                      §
                                        §
            *Defendant*.                §

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant State Farm Lloyds's ("State Farm") motion for partial summary judgment against several of the claims in Plaintiff Craig Collins's complaint. [Doc. No. 28]. For the following reasons, the Court **GRANTS** the motion as to Collins's claims for breach of the duty of good faith and fair dealing and violations of section 541 of the Texas Insurance Code, and the Court **DENIES** the motion as to Collins's claims for violations of section 542 of the Texas Insurance Code.

## **I. Background**

A tornado damaged Collins's Dallas home on October 20, 2019. He filed a claim with State Farm on his homeowner's insurance policy the next day, reporting damage to both the interior and exterior of his home.

State Farm sent a field adjuster to Collins's home on November 4, 2019. The adjuster took photographs, inspected the property, and filed a report. Ultimately, the adjuster estimated the total replacement cost at $15,694.91, which State Farm paid

to Collins on November 5, 2019, after subtracting for depreciation and Collins's deductible.[1]

A few weeks later, State Farm authorized a replacement HVAC due to water damage.  As it continued to investigate his claim, State Farm issued additional payments to Collins on December 10, 2019 and January 3, 2020.  On November 26, 2019, Collins requested a reinspection of his roof, which State Farm initially denied. But after further correspondence and conversation with Collins about damage to the home's chimney, State Farm decided to conduct a second inspection of Collins's roof. A second adjuster visited Collins's home on December 19, 2019 and estimated the total replacement cost at $19,521.01, including some roof damage he believed the first adjuster had erroneously omitted.[2]   But he concluded the roof did not need to be replaced.

In January 2020, Collins notified State Farm that he had paid $8,500 to repair his roof and that his roofer had found a broken rafter in the attic, but State Farm did not reopen the investigation.  Collins hired an engineer to inspect his home.  When Collins notified State Farm that the engineer's report identified structural damage that no State Farm report had yet addressed, State Farm ordered a third inspection of Collins's home.  A third adjuster inspected the property and reported a few new findings, including broken rafters in the attic, a broken gate, and a damaged fence. Collins pointed out a damaged floor joist, but the third adjuster stated that the joist

---

[1] Doc. Nos. 42-2 at 134; 30 at 6–7.

[2] Doc. No. 42-2 at 227, 263.

2

was unrelated to the tornado damage and wrote in Collins's claim file that opening up Collins's floor could cause his claim to "continue[] to stair step."[3]   The third adjuster estimated the total replacement cost at $48,431.86, and State Farm paid Collins.[4]

The third claims adjuster also hired an engineering firm to inspect Collins's property.  After conducting an inspection on March 9, 2020, that firm reported that there was no storm-related damage to Collins's home beyond what State Farm had already identified and that all other interior and exterior damages were due to differential foundation movement and age-related deterioration.[5]

Collins sued State Farm in Texas state court, seeking damages and attorney's fees and alleging (1) breach of contract, (2) violations of the Texas Prompt Payment of Claims Act, (3) violations of the Texas Deceptive Trade Practices Act, and (4) breach of the common-law duty of good faith and fair dealing.[6]  State Farm timely removed the case to federal court and now moves for summary judgment on all of Collins's claims except breach of contract.

## II.  Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[3] Doc. No. 42-1 at 193.

[4] Doc. No. 42-2 at 324.

[5] Doc. No. 30 at 46–47.

[6] Doc. No. 1-4 at 15–18.

3

law."[7]  A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[8]

Though the moving party "has the burden of showing that there is no genuine [dispute] of fact," the nonmoving party "is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."[9]  "[A] mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden,"[10] but if the movant alleges the absence of evidence that is "necessary to prove a specific element of a case," then the burden shifts to the nonmoving party to "present[] evidence that provides a genuine [dispute] for trial."[11]  In sum, the movant never bears the burden "to produce evidence showing the absence of a genuine [dispute] of material fact"; rather, it may simply "point[] out to the district court[ ]that there is an absence of evidence to support the nonmoving party's case."[12]

---

[7] FED. R. CIV. PROC. 56(a).

[8] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[10] *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993).

[11] *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999).

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Collins mistakenly assumes that State Farm's summary-judgment arguments "amount to" a "no-evidence motion for summary judgment," which is only valid in Texas state court and which State Farm did not assert in this case because it moved for summary judgment after removing the case to federal court. Doc. No. 41 at 7–8 & n.16, 27–28; *see* TEX. R. CIV. PROC. 166a(i); *Cardner v. Home Depot U.S.A., Inc.*, 561 F. Supp. 2d 640, 643 (E.D. Tex. 2006) (noting that "[a] no evidence motion for summary judgment is only available in the Texas state courts," but affirming that "[t]he nonmovant must adduce affirmative evidence" to survive summary judgment under the federal standards).

## III.  Analysis

The Court will address Collins's (1) claim for breach of the duty of good faith and fair dealing, (2) claims under the Deceptive Trade Practices Act, and (3) claims under the Prompt Payment of Claims Act.

### a.  Duty of Good Faith and Fair Dealing

To support a claim for breach of the common-law duty of good faith and fair dealing against an insurer, a plaintiff must show that "the insurer had no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact."[13] This standard ensures that "a bad faith claim requires much more demanding proof than does a suit on the insurance policy."[14]

Collins predicates his bad-faith claim on State Farm's allegedly "dilatory, deficient, and pre-textual" handling of his claim.[15]  As an initial matter, he fails to "provide any expert testimony, proof of standard industry practices, or legal authority" to support his allegations.[16]  Such evidence of industry practices isn't always needed.  Discovery might demonstrate pretext with internal communications showing adjusters were aware of unadjusted damaged and hoping the policy holder wouldn't notice.  But Collins has no such evidence here, and the facts he points to do not amount to evidence of bad faith.  He claims that some of State Farm's adjusters

---

[13] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1997) (cleaned up).

[14] *Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied).

[15] Doc. No. 41 at 33.

[16] *Nino v. State Farm Lloyds*, No. 7:13-CV-318, 2014 WL 6674418, at *6 (S.D. Tex. Nov. 24, 2014).

overlooked covered damages and that State Farm unreasonably delayed payment.[17] But mistakes do not prove malice: "[E]vidence that shows the insurer was incorrect about the factual basis for its denial of the claim is not evidence of bad faith."[18]   Nor does delay ensure duplicity: An insurer's decision "to perform multiple assessments, resulting in additional payments, is not, by itself, evidence of bad faith"[19]—on the contrary, "if anything, an insurer's agreeing to perform a reassessment demonstrates good faith."[20]   Collins further accuses State Farm of "retain[ing] an engineer [it] likely knew would give a favorable opinion," but beyond describing the engineer as "a regular and frequent vendor used by State Farm," Collins points to no evidence impugning the integrity of State Farm's engineer.[21]   In short, Collins "point[s] to no evidence indicating that [the investigation] was at all atypical by State Farm or industry-wide standards" and "fail[s] to allege that State Farm's decisions represented a deviation from standard practice."[22]

---

[17] Doc. No. 41 at 33.

[18] *Nino*, 2014 WL 6674418, at *5.

[19] *Kahlden v. Safeco Ins. Co. of Ind.*, No. H-10-2001, 2011 WL 13248494, at *7 (S.D. Tex. Oct. 21, 2011).

[20] *Spicewood Summit Office Condos. Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 470 (Tex. App.—Austin 2009, pet. denied) (noting that "[t]o find otherwise might encourage insurers to stand by their initial assessments for fear that their willingness to consider new evidence and issue supplemental payments would indicate their initial assessments were made in bad faith").

[21] Doc. No. 41 at 33, 19.  Even had Collins shown that State Farm's engineer regularly worked with State Farm and frequently provided opinions favorable to State Farm, that would not have decisively demonstrated bad faith.  *See State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 449 (Tex. 1997) ("All experts presumably have certain general views and expertise, and an insurer's mere awareness of such views is not necessarily an indication of bad faith.").

[22] *Humphries v. State Farm Lloyds*, No. 3:20-CV-1163-X, 2022 WL 705860, at *2 (N.D. Tex. Mar. 9, 2022) (Starr, J.).

Collins also looks to the disparity between his and State Farm's valuations to support his bad-faith claim, but "the mere fact that [an insurer's] valuation is lower than competing valuations does not give rise to bad faith claims under Texas law."[23] This is true even when the difference in valuations is significant.[24]  And when Collins maintains that State Farm has "no reasonable basis" for refusing to pay "the remaining covered damage" (as he sees it),[25] he is describing a "bona fide coverage dispute," which "does not demonstrate bad faith."[26]

Collins failed to introduce evidence to permit a reasonable juror to conclude that State Farm investigated his claim in bad faith or that State Farm "had no reasonable basis for denying or delaying payment of [his] claim."[27]   The Court **GRANTS** summary judgment to State Farm on Collins's claim for breach of the duty of good faith and fair dealing.

### b.  Deceptive Trade Practices: Section 541 Claims

Collins's complaint alleges that State Farm violated nine provisions of Chapter 541 of the Texas Insurance Code: section 541.051, five subsections of section 541.060,

---

[23] *Cantu v. State Farm Lloyds*, No. 7:15-CV-00317, 2016 WL 10732201, at *3 (S.D. Tex. Aug. 22, 2016).

[24] *See First Am. Title Ins. Co. v. Patriot Bank*, No. 01-14-00170-CV, 2015 WL 2228549, at *6–7 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (upholding trial court's finding of no bad faith where valuations differed by over one million dollars).

[25] Doc. No. 41 at 33.

[26] *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).

[27] *Giles*, 950 S.W.2d at 50–51 (cleaned up).  Collins relies on a few other evidentiary odds and ends to show bad faith—alleging the adjusters were inexperienced and overworked, noting one adjuster's stated worry about "stair-stepping," and citing a lack of communication between State Farm representatives—but "[a]bsent any objective indication that State Farm's investigation was pretextual," such details "cannot independently carry [Collins's] bad faith claim."  Doc. No. 41 at 28; *Humphries*, 2022 WL 705860, at *3 n.22.

and three subsections of section 541.061.[28]  But in his response to State Farm's motion for summary judgment, Collins says he is "assert[ing] four claims under section 541 of the Texas Insurance Code" and "is no longer [pursuing]" claims under section 541.061.[29]  Though he does not expressly renounce his claims under sections 541.051 and 541.060(a)(1) as well, the Court assumes he intended to do so because his briefing only addresses the four other subsections of section 541.060.[30]  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Collins's five abandoned claims under section 541.051, 541.060(a)(1), and 541.061(1)–(3).

In light of the Court's conclusion that Collins failed to raise a genuine dispute of material fact as to whether State Farm acted in bad faith, the Court must also grant summary judgment to State Farm on Collins's remaining section 541 claims. "To recover under [section] 541.060, the insured must prove that the insurer acted in bad faith."[31]  Because section "541 claims are dependent on establishing common law bad faith[,] . . . there can be no liability on the statutory bad faith claims based on [section] 541" when a claimant has failed to prove bad faith.[32]  Having found that Collins failed to prove that State Farm acted in bad faith, the Court **GRANTS**

---

[28] Doc. No. 1-4 at 15–18 (bringing claims under TEX. INS. CODE §§ 541.051; 541.060(a)(1)–(4), (7); and 541.061(1)–(3)).

[29] Doc. No. 41 at 20 & n.115.

[30] *Id.* at 20 n.116 (citing TEX. INS. CODE §§ 541.060(a)(2)(A), (a)(3), (a)(4), and (a)(7)).

[31] *Mt. Hawley Ins. Co. v. Huser Constr. Co.*, No. H-18-0787, 2019 WL 1255756, at *8 (S.D. Tex. Mar. 19, 2019) ("Texas courts have clearly ruled that these extra-contractual tort claims [under the Insurance Code] require the same predicate for recovery as bad faith causes of action in Texas." (quoting *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997))).

[32] *Humphries*, 2022 WL 705860, at *3 n.23 (cleaned up); *see Spicewood*, 287 S.W.3d at 468 ("Absent legally sufficient evidence of bad faith, however, [the insured's] claims under the common law, insurance code chapter 541, and the DTPA are subject to summary judgment.").

summary judgment to State Farm on Collins's four remaining claims under section 541.060.[33]

### c.  Prompt Payment of Claims: Section 542 Claims

Collins alleges that State Farm violated section 542 of the Texas Insurance Code by failing "to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage."[34]  Section 542 requires insurers to provide written notice to claimants "of the acceptance or rejection of a claim" within fifteen business days of "the date the insurer receives all items, statements, and forms required" to prove the amount owed.[35]  Then, the insurer must pay the claim within five business days.[36]  All deadlines extend by fifteen days if, as here, the insurance commissioner declares a "weather-related catastrophe."[37]  Failure to abide by these rules subjects an insurer to interest payments on the claim amount and liability for attorney's fees.[38]

Collins concedes that State Farm made its initial payment within the statutory window but maintains that its other payments were late.[39]  And since Collins believes State Farm still owes him more, he asserts that statutory interest on his claim continues to accrue.  Although one State Farm adjuster testified that State Farm

---

[33] This also precludes Collins's claim under section 541.152(a)–(b), which deals with damages available for successful claims under section 541.  Doc. No. 1-4 at 18.

[34] Doc. No. 1-4 at 15.

[35] TEX. INS. CODE § 542.056(a).

[36] *Id.* § 542.057(a).

[37] *Id.* § 542.059(b); Doc. No. 42-1 at 183.

[38] *Id.* § 542.060(a).

[39] Doc. No. 41 at 29–30.

properly notified Collins that it required additional time to make payments, Collins testified that he received no such communication.[40]  And even if State Farm's initial payment was timely, an insurer's "partial payment" on a claim within the statutory deadline "does not preclude liability for interest on amounts owed but unpaid when the statutory deadline expires."[41]

The Court finds that several genuine disputes of material fact stand in the way of summary judgment on Collins's section 542 claims.  Did State Farm timely notify Collins that it needed an extension to reassess and make further payments?  And if the jury determines that State Farm owes more under the Policy, then is that not-yet-paid payment untimely?  With evidence pointing both ways on each question, reasonable jurors could differ in their answers.  Thus, the Court **DENIES** summary judgment on Collins's claims under section 542 of the Texas Insurance Code.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** State Farm's motion for summary judgment.  The Court **GRANTS** the motion as to Collins's claims for breach of the duty of good faith and fair dealing and violations of section 541 of the Texas Insurance Code.  The Court **DENIES** the motion as to Collins's claims for violations of section 542 of the Texas Insurance Code.

---

[40] Doc. No. 42-2 at 218, 354.

[41] *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 658 (Tex. 2021).

**IT IS SO ORDERED** this 3rd day of February, 2023.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE